

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-86,373-01

---

### EX PARTE PHILLIP MERLE PITTS, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-12902-L (A) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

---

*Per curiam*. **YEARY, J., filed a dissenting opinion, in which KELLER, P.J., and KEASLER and HERVEY, JJ., joined.**

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to injury to a child, and was sentenced by the trial court to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Pitts v. State*, No. 05-13-01053-CR (Tex. App. — Dallas, May 19, 2015) (not designated for publication).

Applicant contends, among other things, that his trial counsel at the original plea rendered ineffective assistance because trial counsel failed to investigate, failed to examine the child's medical

records and Applicant's own medical records to determine whether the facts were consistent with Applicant's claim that he had a seizure and likely fell on the infant but had no memory of the event. Applicant alleges that trial counsel did not seek funds for or consult with a medical expert, but relied only on his personal experience with his own son's epilepsy. Applicant also alleges that trial counsel failed to challenge the voluntariness of Applicant's statements to police, which Applicant alleges were induced by threats to take away Applicant's own children.

The trial court has determined that trial counsel's performance was deficient in that counsel analyzed Applicant's case based on the defense he presented for his own son, without having the required knowledge as to whether Applicant's epilepsy was similar to his son's. In addition, the trial court finds that there is no evidence that trial counsel ever spoke with Applicant's treating physician, looked for forensic evidence of a defense, filed a motion for an expert to review Applicant's medical records or the child's medical records, explored any defenses based on Applicant's mental deficiencies, had Applicant examined to determine whether those deficiencies affected Applicant's ability to understand the nature and consequences of his plea, or made any effort to challenge the voluntariness of Applicant's statements to police. The trial court finds that trial counsel's preparation and investigation in this case was deficient, and that such deficient performance prejudiced Applicant. Relief is granted. The judgment in Cause No. W11-12902-L (A) in the Criminal District Court No. 5 District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional

Institutions Division and Pardons and Paroles Division.


Delivered:     June 20, 2018
Do not publish